IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

      Plaintiff,                                             06cv0141

      v.                                                  **ELECTRONICALLY FILED**

GEORGE C. SNYDER, ET AL.,

      Defendants.

**MEMORANDUM OPINION REGARDING
GEORGE C. SNYDER'S THIRD-PARTY COMPLAINT (DOC. NO. 37)**

**March 27, 2007**

      Original Defendant George C. Snyder ("Snyder") filed a frivolous and vexatious Third-Party Complaint (doc. no. 37) on November 15, 2006.  Snyder's Third-Party Complaint purports to state claims against 42 named persons and 100 unnamed "John Doe" defendants, mostly public officials and lawyers, but also including private persons and businesses, on a host of vague and broad claims.

      Named defendants include current and former federal prosecutors, federal public defenders, private attorneys, a Cemetery Association, a former mayor, George H. W. and George W. Bush, William Jefferson and Hillary Clinton, and many others.  Snyder sets forth little or no factual bases for any of his claims nor is he specific about the roles any of the individual defendants may have played in their alleged transgressions toward him, and he names all "third-party defendants" together in every claim he makes, which include the following: each of the defendants agreed to indemnify him; each of the defendants are liable for "contribution" (presumably of the IRS debt the government claims he owes and seeks to recover); each of the defendants took money, property, "etc." and are required to return everything to him in

"replevin"; each of the defendants are liable for "conversion and trespass"; each of the defendants retaliated against him for exercising his First Amendment rights; each of the defendants invaded his privacy; each of the defendants engaged in numerous RICO violations, including fraud, witness intimidation, murder, extortion, and kidnaping; each of the defendants assaulted him, tortiously interfered with his business relations . . . the list goes on and on.

No return of summons has been filed; Snyder has not filed any proof of service; and he has not filed a RICO statement, as he stated he would do in his Third-Party Complaint.

It is apparent that Snyder's fanciful claims are not serious, but rather are a blatant attempt to play games with the parties and the Court by interjecting frivolous, irrelevant and vexatious matters into the suit by the United States of America to collect an IRS debt allegedly owed by him to the government.

A federal court may dismiss a plaintiff's complaint, *sua sponte*, for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), when the allegations of the complaint are attenuated, insubstantial, frivolous, devoid of merit, and/or no longer open to discussion. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974); see also *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998).

Thus, the Court has the inherent power to grant a dismissal based on the legal insufficiency of a claim, and may exercise this power on its own initiative. *See Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999) ("A federal court has the obligation to address a question of subject matter jurisdiction *sua sponte*" ). *See Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1408-09 (3d Cir. 1991) (dismissal is proper only when the claim clearly appears to be either immaterial and solely for the purpose of obtaining jurisdiction, or is wholly insubstantial and frivolous), *quoting Oneida Indian Nation v. County of Oneida*, 414 U.S.

661, 666-67 (1974) (some federal questions are so "insubstantial, implausible, foreclosed by prior decisions of [the Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court. . . ."). "Moreover, dismissal for lack of jurisdiction is not appropriate merely because the legal theory alleged is probably false, but only because the right claimed is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.' " *Kulick v. Pocono Downs Racing Ass'n*, 816 F.2d 895, 899 (3d Cir. 1987), *quoting Oneida Indian Nation*, 414 U.S. at 666.

Snyder's Third-Party Complaint presents the *quintessential* example of an insubstantial, implausible or otherwise completely- devoid- of- merit complaint.  As such, the Court will *sua sponte* dismiss Snyder's Third-Party Complaint with prejudice, by separate Order of Court.

                                                    s/ Arthur J. Schwab
                                                    Arthur J. Schwab
                                                    United States District Judge


cc:	All ECF registered counsel and unregistered parties