IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

          Plaintiff,                             06cv0141

    v.                                      **ELECTRONICALLY FILED**

GEORGE C. SNYDER,
SHARON A. SNYDER,
TAMMY SUE SNYDER, ET AL.

          Defendants.

_____

TAMMY SUE SNYDER,

          Third-party Plaintiff

    v.

CHICAGO TITLE INSURANCE COMPANY,
MILLER AMENT HENNY KOCHUBA P.C.,
LYNN VICK,
ROBERT GARDNER VICK, JR.,

          Third-party Defendants.

## MEMORANDUM AND ORDER OF COURT

Defendant Tammy Sue Snyder filed a third-party complaint against Chicago Title

Insurance Company and Miller Ament Henny Kochuba  P.C. on October 3, 2006 (doc. no. 18)

and a separate third-party complaint against Lynn and Robert Gardner Vick on October 6, 2006

(doc. no. 21).  The Vicks, Miller Ament and Chicago Title each filed a motion to dismiss the

third-party claims against them on, respectively, February 27, 2007, March 2, 2007, and March 9,

2007 (docs. no. 46, 52 and 60, respectively).

On March 2, 2007, third-party plaintiff Tammy Sue Snyder attempted to file an amended

third-party complaint against the Vick defendants, but the Clerk of Court refused to accept it for

filing.  On March 21, 2007,  third-party plaintiff attempted to file an amended third-party

complaint against the Chicago Title and Miller Ament defendants, but the Clerk of Court refused

to accept it for filing.  According to Ms. Snyder, the Clerk of Courts Office advised her that she

first needed to file a motion for leave to file an amended third-party complaint.

   For the reasons stated below, this advice was wrong.  The Clerk of Courts ordinarily will

accept such a complaint and should have in this case, and let the opponents move to strike on any

legal grounds they believe appropriate.  Ms. Snyder has filed a "Motion to Compel Clerk to File

Amended Third-Party Complaints Nunc Pro Tunc" and "Motion to Correct the Docket to Show

Dates of Filing" on March 2 and 21, 2007 (doc. no. 68), attaching date and time stamped copies

of the respective amended third-party complaints.  For the reasons set forth below, the Court will

grant this motion, and will deem the amended third-party complaints to have been filed on March

2 and 21, 2007.

    Both Chicago Title and the Vicks argue that this Court should deny leave of Court to file

an amended complaint.  Chicago Title asserts that amendment would be futile under

Fed.R.Civ.P. 15, because the amended third-party complaint fails to cure the defects that

prompted its motion to dismiss the original third-party complaints.

   Although third-party defendants *might* have substantial legal grounds in support of

dismissal of plaintiff's initial complaint (the Court expresses no opinion at this time as to the

merits of the motions to dismiss), her deemed filing of amended third-party complaints on March

2 and 21, 2007, *prior to any responsive pleadings being filed* by any third-party defendant,

essentially moots the pending motions to dismiss.  Fed.R.Civ.P. 15 provides, in pertinent part:

> (a)      Amendments.  A party may amend the party's pleading *once as a matter of course at any time before a responsive pleading is served* or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. . . .

As third-party plaintiff correctly argues, motions to dismiss and similar motions filed in lieu of answers are simply not "responsive pleadings" within the meaning of Rule 15(a). Fed.R.Civ.P. 7(a) lists the "pleadings" which may be filed as a "complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served," and clearly distinguishes "pleadings" from "motions and other papers" described at Fed.R.Civ.P. 7(b).  Motions to dismiss and other motions filed pursuant to Fed.R.Civ.P. 12 are not "responsive pleadings," the filing of which will operate to cut off a plaintiff's right to amend a complaint "once as a matter of course at any time before a responsive pleading is served." See, e.g., *Sunset Financial Resources, Inc. v. Redevelopment Group V, LLC*, 417 F.Supp.2d 632 (D.N.J. 2006) ("a motion to dismiss is not a responsive pleading under Rule 15(a)"), citing *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) and *Centifanti v. Nix*, 865 F.2d 1422, 1431 n. 9 (3d Cir. 1989) ("[N]either a motion to dismiss, nor a motion for summary judgment, constitutes a responsive pleading under Fed.R.Civ.P. 15(a)."); *Albany Ins. Co. v. Almacenadora Somex, S.A.*, 5 F.3d 907 (5th Cir. 1993) (motion to dismiss is not a "pleading," for purposes of rule authorizing party to amend a pleading as of right at any time before responsive pleading is served); *Phillips v. Borough of Keyport*, 179 F.R.D. 140, 145-46 (D.N.J. 1998) (collecting cases) ("it is clear that a

motion to dismiss, a motion to strike or a motion for summary judgment is not a responsive

pleading for purposes of Fed.R.Civ.P. 15(a).").

Leave of Court, therefore, was not required of third-party plaintiff, and the Clerk of Court

should have accepted her amended third-party complaints for filing in any event.

However, another round of motions to dismiss the amended third-party complaints is

unnecessary and time consuming.  The Court has reviewed the motions to dismiss and the

amended third-party complaints, and is of the opinion that the issues raised in the motions to

dismiss are equally applicable to the amended third-party complaints, which do not appear to

have cured the alleged defects.  Therefore, the Court will deem the motions to dismiss to be

addressed to the amended third-party complaints, and will direct third-party plaintiff to file her

responses to said motions to dismiss (docs. no. 46, 52 and 60) on or before April 16, 2007.

Accordingly,

**IT IS HEREBY ORDERED** that third-party plaintiff Tammy Sue Snyder's "Motion to

Compel Clerk to File Amended Third-Party Complaints Nunc Pro Tunc" and "Motion to Correct

the Docket to Show Dates of Filing" on March 2 and 21, 2007 (doc. no. 68) is **GRANTED**, and

her Amended Third-Party Complaints are deemed filed as of March 2 and March 21, 2007.

**IT IS FURTHER ORDERED** that third-party plaintiff Tammy Sue Snyder shall file

responses to each of the pending motions to dismiss  (docs. no. 46, 52 and 60) on or before April

16, 2007.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:      All ECF counsel and parties