IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

    Plaintiff,                                       06cv0141

v.                                         **ELECTRONICALLY FILED**

GEORGE C. SNYDER, ET AL.,

    Defendants.

**MEMORANDUM OPINION GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING DEFENDANTS' COUNTERCLAIMS[1]**

**I.  BACKGROUND**

**A.  1988 Federal Income Taxes**

The United States Tax Court, by memorandum opinion, dated June 26, 1995, sustained the Commissioner of Internal Revenue's disallowance of claims by George C. Snyder and Sharon A. Snyder related to their Federal individual income taxes for 1988. Doc. No. 79-3 (Exhibit 1). Based upon that ruling, a delegate of the Secretary of the Treasury, on February 1, 1996, assessed a deficiency in Federal individual income taxes for 1988, against defendants George C. Snyder and Sharon A. Snyder, in the amount of $344,936.00, an accuracy penalty of $86,234.00, a negligence penalty of $17,247.00, and interest in the amount of $363,614.55. Doc. No. 79-3 (Exhibit 3). While some payments and credits have been applied to the assessments, and interest has continued to accrue, defendants George C. Snyder and Sharon A. Snyder have not paid the assessments in full. Id. The unpaid balance of the assessment for the 1988 Federal income tax,

---

[1] The Court previously dismissed Defendant George C. Snyder's Third Party Complaint (doc. no. 37) as frivolous and vexatious by Memorandum Opinion (doc. no. 72) and Order (doc. no. 73) on March 27, 2007.

penalty and interest was $761,357.46, as of September 2, 2005; and the interest continues to accrue according to law.  Id.

### B. 1991, 1992, and 1993 Federal Income Taxes

For tax years 1991, 1992, and 1993, the United States Tax Court entered a stipulated decision on the federal individual income tax liabilities of George C. Snyder and Sharon A. Snyder, on September 25, 2003.  Doc. No. 79-3 (Exhibit 2).  Thereafter, pursuant to said stipulated decision, a delegate of the Secretary of the Treasury, made assessments against defendant George C. Snyder, on February 9, 2004, as follows:

(a) for 1991, a deficiency in Federal individual income taxes in the amount of $93,563.00, a fraud penalty in the amount of $70,172.25, and interest in the amount of $231,049.06;

(b) for 1992, a deficiency in Federal individual income taxes in the amount of $83,767.00, a fraud penalty in the amount of $62,825.25, and interest in the amount of $182,119.82; and

(c) for 1993, a deficiency in Federal individual income taxes in the amount of $57,149.00, a fraud penalty in the amount of $42,861.75, and interest in the amount of $108,796.12.  Doc. No. 79-3 (Exhibit 3).

No payments or credits had been applied to the assessments for 1991, 1992, and 1993, and interest has continued to accrue; the unpaid balance of the assessments was $394,784.31 for 1991, $328,712.07 for 1992, and $208,806.87 for 1993, not including interest accrued and accruing according to law, as of September 2, 2005.  Id.

## II. Discussion

Simply stated, the government's complaint seeks to reduce specific federal tax assessment for 1988, 1991, 1992, and 1993, to judgment. The 1988 assessment is against both George C. Snyder and Sharon A. Snyder, and the 1991, 1992, and 1993 assessments are against George C. Snyder alone.[2] All these assessments were pursuant to the entry of decisions in the United States Tax Court: George C. Snyder, *et ux.* v. Commissioner, T.C. Memo. 1995-285 (1995) for the 1998 year (doc. no. 79-3 (Exhibit 1)) and George C. Snyder, *et ux.* v. Commissioner, Dkt. No. 19075-02 (Sept. 25, 2003) for 1991, 1992, and 1993 (doc. no. 79-3 (Exhibit 2)). Because these liabilities have been fully adjudicated, they are *res judicata* and cannot be challenged in this Court (whether by means of affirmative defenses or as "counterclaims"). Malkin v. United States, 3 F.Supp.2d 493 (D.N.J. 1998) (principles of *res judicata* apply to Tax Court decisions), citing Commissioner v. Sunnen, 333 U.S. 591, 598 (1948); United States v. Stauffer Chemical Co., 464 U.S. 165, 172 n. 5 (1984) (reaffirming Sunnen decision in the tax court context); United States v. Annis, 634 F.2d 1270, 1272 (10th Cir. 1980); United States v. Bottenfield, 442 F.2d 1007, 1008 (3d Cir. 1971). Therefore, summary judgment will be entered for the government on the first four counts of the complaint.[3]

---

[2] For 1991, 1992, and 1993, Sharon C. Snyder was granted innocent spouse relief.

[3] The government's Motion for Summary Judgment does not seek summary judgment as to Counts V and VI. The Complaint mislabels Count VI as a second Count V. Both Count V and VI relate to the validity of certain tax liens against certain real estate.

### III.  Counterclaims

Defendant George C. Snyder filed a seven count counterclaim alleging unlawful takings (Count I), various Federal Tort Claims Act violations (Counts II, III, and IV), failure to release lien under 26 U.S.C. § 7432 (Count V), improper levy under 26 U.S.C. § 7426 (Count VI), and unauthorized collection actions under 26 U.S.C. § 7433 (Count VII).  These counterclaims, like the allegations in the previously dismissed third-party complaint, "present the quintessential example of an insubstantial, implausible or otherwise completely-devoid-of-merit" counterclaim.  Doc. No. 72 at 3.  "It is apparent that Snyder's fanciful claims are not serious, but rather are a blatant attempt to play games with the parties and the Court by interjecting frivolous, irrelevant and vexatious matters into the suit by the United States of America to collect an IRS debt allegedly owed by him to the government."  Id. at 2.  As the sovereign, the United States cannot be sued without its express consent, and there is no credible evidence of a waiver of sovereign immunity.  United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Shaw, 309 U.S. 495, 500-01 (1940).  Snyder cites no statutory or other basis for his takings claim, and he is in fact seeking the return of documents in another action in this Court.  United States v. Snyder, Case No. 99-cr-00053 JFC (W.D.Pa.)  His Federal Tort Claims Act claims fail because the statute specifically excludes "any claim arising in respect of the assessment or collection of any tax[.]" 28 U.S.C. § 2680(c).  Likewise, he cannot bring an action for wrongful levy or anything else under 26 U.S.C. § 7426, since that provision applies only to "persons other than taxpayers."  The 26 U.S.C. § § 7432 and 7433 counts also lack merit because Snyder offered no evidence that he exhausted the requisite administrative remedies.  See 26 U.S.C. § § 7432(d)(1) and

7433(d)(1). Therefore, summary judgment will be entered for the government on defendant George C. Snyder's counterclaims, and said counterclaims will be dismissed with prejudice.

**SO ORDERED this 18th day of April, 2007.**

 s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge


cc:    All ECF registered counsel and unregistered parties