IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

      Plaintiff,                                  06cv0141

v.                                            **ELECTRONICALLY FILED**

GEORGE C. SNYDER, ET AL.,

      Defendants.

**MEMORANDUM AND ORDER OF COURT**

On April 19, 2007, upon consideration of the United States' motion for summary judgment (doc. no. 79) and in light of defendants' failure to timely file any opposition thereto, the Court determined that the motion should be granted, as set forth in a Memorandum Opinion of that date (doc. no. 91). The accompanying Order (doc. no. 92) entered judgment for the United States and against defendants George C. Snyder and Sharon A. Snyder on the remaining counts (Counts I, II, III, and IV) of plaintiff's complaint, and dismissed defendant George C. Snyder's counterclaim against the United States with prejudice.

Subsequently, defendant George Snyder (but not Sharon A. Snyder) filed a motion to reconsider (doc. no. 99) the grant of summary judgment and to allow him to submit a response and brief in opposition to summary judgment *nunc pro tunc*, which this Court granted in part, permitting him to file said response and brief, by Order of April 30, 2007. (doc. no. 100). On May 4, 2007, Mr. Snyder filed the following: (i) George Snyder's Opposition to the Government's Motion for Summary Judgment (doc. no. 106); (ii) Declaration of George Snyder in Opposition to the Motion for Summary Judgment (doc. no. 107); and (iii) Response of George Snyder to the United States' Statement of Material Issues Not in Dispute (doc. no. 108). Sharon Snyder filed an Adoption, in Part, of George Snyder's Opposition to the Summary Judgment

(doc. no. 110), which was denied as she had not filed a motion to reconsider this Court's grant of summary judgment. Thereafter, the United States filed a Reply Memorandum (doc. no. 114), countering defendant George Snyder's factual and legal assertions.

After careful consideration of the above, the United States' motion for summary judgment and brief in support, and the entire record adduced on summary judgment, the Court reaffirmed, by Order dated May 24, 2007 (doc. no. 115), its grant of summary judgment for the plaintiff United States of America and against defendants George and Sharon Snyder, and directed the United States to "file an affidavit of current indebtedness, giving Defendants all appropriate credit for additional payments made towards the 1988 tax liability through seizure of George Snyder's social security checks, and a proposed Final Order of Court reflecting the exact indebtedness as of that date."

On June 18, 2007, after considering the government's affidavit filed on June 15, 2007, this Court entered a Judgment Order (doc. no.118) for plaintiff, entering Judgment against George C. Snyder in the total amount of $3,033,741.68, and against Sharon Snyder in amount of $1,808,676.70. Neither George nor Sharon Snyder lodged any objections to the Court's Order of May 24, 2007 directing the government to file an affidavit or requested any other relief. However, on June 20, 2007, Defendant George Snyder filed a "Motion for Reconsideration of the Judgment Entered at Document No. 118, and All Interlocutory Orders Granting Summary Judgment" (doc. no. 119), asserting he did not have an opportunity to object to the government's final calculation of his indebtedness.

Given Mr. Snyder's track record in this case, the Court did not believe he had any legitimate objections to raise or the inclination to raise them properly, that is, in a serious, non-

frivolous manner. Nevertheless, out of an abundance of caution and because of the magnitude of the Judgment, this Court granted Mr. Snyder's motion to reconsider the final judgment, and issued a briefing schedule for objections to the final judgment only. Defendant offered no reason why this Court should reconsider any of the "Interlocutory Orders Granting Summary Judgment," and, in fact, the Court already reconsidered those rulings once, Order of Court dated May 24, 2007 (doc. no. 115), and declined to do so a second time. The Court's Order of June 25, 2007 (doc. no. 121) stated as follows:

> **IT IS FURTHER ORDERED** that on or before **July 16, 2007**, defendant shall file his Objections to Final Judgment *addressed solely to plaintiff's calculation of indebtedness and stating specifically his alternative calculation, with supporting affidavits and documents attached, and accompanied by a separate brief in support of his position.* On or before **July 26, 2007**, the government shall file a response thereto, with supporting affidavits and documents attached, and accompanied by a separate brief in support of its position. Said briefs shall not exceed ten pages.

Order of Court, June 25, 2007 (doc. no. 121).

Thereafter, on July 18, 2007, the Court granted Mr. Snyder a five day extension of time in which to file his objections with affidavits and documents attached. In the Order granting the extension (doc. no. 123), this Court explicitly laid out the ground rules Mr. Snyder was to follow, stating:

> IT IS FURTHER ORDERED that any exhibits and documents submitted in support of said objections and response shall be clearly identified and marked (e.g., Exhibit A, Exhibit B, etc.) and consecutively numbered in the lower right hand corner, and shall be accompanied by a Table of Contents with reference to the pages at which said Exhibits shall be found.

What happened thereafter is somewhat bizarre.

On July 23, 2007, Mr. Snyder submitted his "Declaration and Objections to the

Government's Assessment" (doc. no. 124) and nine separate exhibits (docs. no. 125-133), followed on July 30, 2007, by seven additional exhibits (docs. no. 135-141) that had been "erroneously [filed] in the related criminal case . . . at Entries 65, 66, 67, 69, 70, 71 and 72 . . ." Declaration and Objections (doc. no. 124), at ¶ 1.

In said Declaration and Objections, Mr. Snyder asserts that the IRS has "denied him" discovery of information needed for him to accurately challenge its calculation, without explaining why he had never filed with this Court any motion to compel any discovery to which he believed he was entitled and that the government was allegedly withholding. Nevertheless, Mr. Snyder has enough information, apparently, to be able to state unequivocally: "It is my position that the alternative calculation to the Internal Revenue Service's calculation is zero." *Id.*

Said Declarations and Objections then lists various and assorted complaints and comments about the way the IRS proceedings, his criminal case and this civil case have proceeded, some of which might conceivably be marginally relevant to the issues before this Court, although it is impossible to tell. What makes it especially hard to tell is that his Declarations and Objections contains not a single reference to any items of record in this case, not even to any of the hundreds if not thousands of pages of exhibits submitted in "support" of his objections.

In its response, the government fairly and accurately describes these so-called exhibits, as a "document drop . . . [consisting of] over 1800 pages of documents, none of which has anything to do with the government's calculation of the judgment amount due." Plaintiff's Response (doc. no. 142) at 2. A random perusal of these exhibits demonstrates the fairness and accuracy of the government's characterization.

4

For example, Exhibit 126 is described as "Cash Receipts signed by Michael Tomko September 1995 thru May 1999." Not only does defendant fail to enlighten the Court as to who Michael Tomko is and how any "cash receipts" he may have signed have any bearing on the government's calculation in this case, Exhibit 126 does not even consist of the "cash receipts" it purports to contain. Instead, Exhibit 126 appears to be almost 200 pages of Tomko's itemization of "gross" and "net" and unexplained percentage figures for various motels such as the Castle Loma, the Highland Terrace and the Moonlite.

The relevance of the rest of the Exhibits to the issues before the Court are equally obtuse or non-existent, as they appear to be an unorganized collection of business records and assorted papers associated with, inter alia, Michael Tomko and his bank accounts, various motel employee and operational records of some sort, references to a criminal prosecution (Exhibits 131 and 132, for instance, are described as "State criminal charges against George Snyder" and "Threats by the State to arrest my family on false information" respectively), and other miscellaneous stuff (Exhibit 133 is described as "Saudi check #11654").

Mr. Snyder has been unable to direct this Court's attention to ***any legitimate reasons*** why the government's calculation of his total deficiency is incorrect, or why this Court should modify its Final Judgment of June 18, 2007, although he has been given every opportunity to do so. Instead, as he has done throughout these administrative and judicial proceedings, Mr. Snyder continues to obfuscate, deny, distract, and disdain not only the legitimacy of the government's tax claims, but also the very judicial proceedings that are designed to protect him and achieve a fair and just result after consideration of the facts and application of the law. He has chosen not to avail himself of his legal protections by his questionable tactics. While said tactics have

delayed the ultimate resolution of this case, the day of reckoning has arrived for Mr. Snyder.

For the reasons set forth above, this Court **reaffirms the Final Judgment (doc. no. 118) entered on June 18, 2007.**  Judgment is affirmed against George C. Snyder in the total amount of $3,033,741.68 and against Sharon Snyder in the amount of $1,808,676.70, as allocated for each Count in said Judgment Order.

The Clerk of Courts terminated this case on May 24, 2007, and it shall remain closed. The Court will not entertain any further motions for reconsideration by Mr. Snyder, and any such motions will be summarily denied.

Mr. Snyder is advised that the time within which he may appeal the Final judgment commences with the filing of this Order on the Court's electronic docket, unless the United States Court of Appeals for the Third Circuit grants an enlargement of time.

**SO ORDERED this 13th day of August, 2007**.

 s/ Arthur J. Schwab  
Arthur J. Schwab  
United States District Judge

cc:    All ECF registered counsel and unregistered parties